SCHOOL-DISTRICT No. 10, of Washington County, *vs.* JOHN THE-LANDER.

December 22, 1883.

School-District Clerk—Penalty for drawing Order to pay Unlicensed Teacher.—Under Gen. St. 1878, c. 36, § 88, the issuance of an order by a school-district clerk, drawn by him upon the treasurer, for the payment of the wages of a teacher known to him not to have been licensed to teach, and paid out of the funds appropriated for teachers' wages, is an unlawful diversion of the public school funds from their legitimate channel, and subjects him to the penalty prescribed by that section.

Appeal by plaintiff from an order of the district court for Washington county, *McCluer,* J., presiding, sustaining a demurrer to the complaint.

*I. W. Castle* and *Fayette Marsh,* for appellant.

*O'Brien & Wilson,* for respondent.

VANDERBURGH, J. The complaint charges that the defendant, who was clerk of school-district No. 10, county of Washington, wrongfully drew and caused to be countersigned an order, signed by himself as clerk, upon the treasurer of the district, for the sum of $68, in favor of one Alice Elliott, who, it is alleged, was unlawfully employed by the trustees as a teacher of the public school in that district for the spring term of 1882, but who had no certificate or license to teach, which the defendant well knew, and that the treasurer paid her the amount of the order out of the fund in his hands set apart for the payment of teachers' wages. By Gen. St. 1878, c. 36, § 31, it is provided that the board of trustees, of which the clerk is a member,

shall hire for and in the name of the district such teachers only as have certificates of qualification, and make written contracts with such teachers, specifying wages per month and time employed, and file such contracts in the office of the clerk. And section 88 provides that "any school-district clerk who shall draw an order upon the district treasurer diverting the public school funds from their legitimate channel shall be held personally responsible for twice the amount of such order." This action is brought against the defendant under the last section, in the name of the district, at the instance of the county superintendent. The defendant demurred to the complaint, and the sole ground insisted on is that the facts alleged constituted no cause of action.

The payment of the teacher's wages in this instance was wholly unauthorized and unlawful. *Jenness* v. *School-District*, 12 Minn. 337, (448.) And assuming the complaint to be true, it amounted to official malfeasance on the part of the disbursing officers. It is urged, however, as respects the application of section 88 to the facts of this case, that the fund for teachers could not be diverted by an unlawful order, which, for that reason, the treasurer was not bound to honor, and also that it is not a diversion of such funds from their legitimate channel to apply them in payment of teachers' wages, unlawfully or otherwise, but that the object of the statute, as interpreted by the language used, was to prevent the payment of money raised or appropriated for one purpose from being applied to another, as that building funds should not be appropriated to pay teachers, and *vice versa*. We are of the opinion, however, that the statute has a broader signification, and that it was intended to apply as well to cases where orders are issued for the payment of an unlawful claim, as to cases where a lawful claim is unlawfully directed to be paid from the wrong fund. By section 45 the clerk is to draw orders on the treasurer for any lawful purpose, and it is made the duty of the treasurer to pay out of funds in his hands such orders when properly attested, and such orders are required to state the service or consideration for which they are drawn, and to be numbered and recorded. This provision was undoubtedly designed as a wholesome check upon the treasurer, and section 88 is intended to operate as a salutary check

upon the clerk. Either class of unlawful orders might mislead the treasurer, or afford him an opportunity to act in collusion with the clerk in effecting an application of funds to an improper purpose. The provisions of the school law are made so clear that there can hardly be any excuse for mistake in their application, much less for a direct violation of their requirements. Here, in view of the provisions of section 31, the order was made without color of authority or warrant of law, and the case as presented by the complaint is, we think, within the mischief intended to be remedied by section 88.

Order reversed.